## WILLIAM J. KYLE, Administrator, *v.* H. VAN BIBBER.

Testimony that is irrelevant or secondary, will be excluded.

The testimony of a witness who has omitted to answer a cross-interrogatory, will be excluded.

The court cannot disregard a judgment obtained in Alabama, because the proceedings previous to judgment, if tested by our laws, would be irregular.

When the defendant has been personally cited, the court is bound to presume that the subsequent proceedings and judgment are regular and in conformity with the laws and practice of the place where the judgment was rendered.

The court understands that, in Alabama, it is requisite to relief in chancery, by opening a judgment, that the complainant should show that the judgment is unjust.

APPEAL from the District Court of the Parish of Caddo, *Bullard,* J. *Crain* and *Jones,* for plaintiff. *Lawson* and *Fuller,* and *Gilbert* and *Landrews,* for defendant. By the court :

SLIDELL, J. This is an action by the plaintiff, in his capacity of administrator of the estate of *Thomas C. Dupree,* deceased, upon a judgment obtained by him in that capacity, in Alabama, against *Van Bibber,* defendant in a proceeding in garnishment there upon a judgment obtained by said administrator against *William J. Campbell.* The cause was tried by a jury, who found a verdict for the plaintiff, and from a judgment thereon rendered, the defendant has appealed.

The record teems with bills of exception, which we shall briefly notice. The first is to the refusal of the judge to permit the defendant to file an amended answer. A portion of the matter set up in this answer had been substantially pleaded in a previous answer, and, so far, the amended answer was superfluous.

That portion of the averments in the amended answer which was new, amounts in substance to an attempt to inquire into the administration by *Kyle,* as trustee of the creditors of one *Stringfellow,* of certain trust funds assigned by *Stringfellow* to *Kyle,* for the benefit of his creditors, of whom *Van Bibber* was one, and to show that in that capacity he had come into possession of property sufficient to cover *Van Bibber's* claim, after satisfying certain preferred creditors, and retained the same in satisfaction of *Van Bibber's* claim. That claim, it is alleged in the answer, was held by *Van Bibber* for the benefit of *Campbell,* and its being so held was, as he alleges, the occasion and subject of the garnishment.

It was, perhaps, a sufficient reason for the refusal of leave to file this answer, which is loose and uncertain in its averments, that it attempted to blend the affairs of *Dupree's* succession with the administration of a trust fund held by *Kyle* in an entirely different capacity. But we find an additional reason for not disturbing the ruling of the district judge in the antecedent proceedings in this cause. The proposed amendment presents new and complicated issues. It was not offered until the April term, 1852, two days before trial. The cause had been put at issue in May, 1848. The prolix answer, then filed, and the interrogatories then propounded to the plaintiff, authorize the inference, that if the matters set up in the amended answer were true, they were then within his knowledge. In view of this long silence and *laches,* to reverse the judgment now, and remand the cause to enable the defendant to amend, would be a very dangerous precedent. It will also be observed, that the judgment of the district judge does not preclude the defendant's recourse against *Kyle,* as trustee of *Stringfellow's* creditors.

The testimony of the witness *Cox,* in answer to one of the interrogatories propounded by the defendant, was properly excluded on the ground of irrelevancy to the issue. It was also objectionable on the ground of its being secondary evidence.

The testimony of an attorney at law in Alabama, examined under commission, was properly excluded on the ground of his having omitted to answer a cross-interrogatory. If this testimony, however, had been admitted, it would not, in our opinion, have authorized a different judgment. The professional

opinion which the witness gives is entitled to little weight, from the loose manner in which he treats the subject.

What we have said as to the testimony of *Cox*, and the amended answer, disposes of the question as to the rejection of *Yarborough's* testimony.

The proposition, that we have a right to disregard the Alabama judgment, because the proceedings in garnishment would be irregular, if tested by our own laws, is utterly inadmissible. The defendant appears, from the record, to have been personally cited. We are bound to presume that the subsequent proceedings and judgment were regular, and in conformity to the laws and practice of Alabama.

It is said that the record exhibits an entry which shows that the judgment had been satisfied, and, consequently, that the subsequent judgment against the garnishee was erroneous. The facts pertinent to this point are as follows: On the execution docket in the office of the County Court of Coosa county, Alabama, which is stated by a witness to be one of the records of that court, in the case of *Kyle, administrator, v. Campbell*, there is the following entry: "Received, the amount of this case, principal and interest, by order of *Wm. J. Campbell*, on *Henry Van Bibber*, for the amount of the judgment, interest and costs, March, 18th, 1839, which discharges defendants. (Signed,) W. S. KYLE."

It appears that garnishee process issued against *Van Bibber*, in January, 1839, and was served upon him in February, 1839. In January, 1840, there was judgment *nisi* against him upon default, and he was notified to appear on the ensuing July term, and show cause why final judgment should not be entered. Service of notice of the judgment *nisi*, and to appear, was served upon him in May, 1840, and, at the July term, 1840, final judgment was entered. If the entry on the execution docket was an obstacle to the rendition of judgment against the garnishee, it seems to us that the matter was one from which the defendant should have sought relief by writ of error. If, however, as is asserted by the defendant's counsel, this matter was one which a court of chancery in Alabama could have taken cognisance of, in support of which point we have not been favored with authority, it seems to us clear, that a court of chancery would not have disturbed the judgment if the showing made in this cause by the plaintiff's answers to interrogatories, put to him by the defendant, were made before such a court. These answers show, that on the 18th of March, 1839, *Campbell* gave *Kyle* a written order upon *Van Bibber*, in which he says: "You will please pay over to *W. J. Kyle*, the sum of eight hundred and sixty-nine dollars and forty-six cents, being the amount settled upon between me and the said *Kyle*, in the case of the execution in which you are garnished: and oblige, &c;" that the plaintiff exhibited this order to *Van Bibber*, who verbally accepted it, and said he would pay it; that upon *Van Bibber* asking him whether he should go to court to assent to the garnishment, he told him that it was unnecessary, for that judgment would be entered against him for the amount of his indebtedness, whether he went or not, unless it was previously paid by settling the order, and that it would only be an additional expense to attend court, but that he might go or not as he chose, that judgment would be rendered against him. From the whole tenor of these answers, which are full—bear the appearance of truthfulness—and satisfied the jury; it is obvious that the plaintiff did not intend to relinquish his proceedings against the garnishee; that *Van Bibber* did not understand them as being relinquished; that the judgment against the garnishee was fairly obtained, and did no more than determine judicially a liability which

KYLE
v.
VAN BIBBER.

the defendant clearly assumed to the plaintiff. We understand that in Alabama it is requisite to relief in chancery, by opening a judgment, that the complainant should show that the judgment is unjust. It is unnecessary, therefore, to inquire what other requisites there are, to obtain relief in equity in Alabama, against a judgment rendered there in a court of common law. See the case of *Crafts* v. *Dogh*, 8 Alabama Rep. 767.

The judgment of the district court is affirmed, with costs.